# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No.   21-476 |
| | ) | |
| RODERICK FEURTADO, | ) | |
| Defendant. | ) | |
| | ) | |

## SENTENCING MEMORANDUM

**AND NOW**, comes the Defendant, Roderick Feurtado, by and through his counsel, Brian D. Aston, Esquire, and files the following Sentencing Memorandum addressing factors set forth in Title 18 U.S.C. §3553(a) in support thereof avers as follows:

## INTRODUCTION

On November 16, 2021, the Defendants, Roderick Feurtado, Robert Gutierrez, and Tarek Bouanane, were indicted by a federal grand jury seated in the Western District of Pennsylvania in violation of: Count 1, 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud. On November 22, 2021, Mr. Feurtado made his initial appearance and was arraigned on that same day in the Western District of Pennsylvania where he plead not guilty. On September 29, 2023, Mr. Feurtado was found guilty at Count 1 of the Indictment by a jury of his peers.

## PROPER CALCULATION OF SENTENCING GUIDELINES

"A District Court should begin all sentencing proceedings by correctly calculating the applicable guideline range." See Gall v. United States, 552 U.S. 38 (2007); see also Rita v. United States, 551 U.S. 338 (2007). The total offense level in the instant matter, calculated by Gregory D. Wilson of the United States Probation Office for the Western District of Pennsylvania, is 28. Mr. Feurtado has a total criminal history score of 0. A criminal history score of 0 establishes a criminal history category of I. USSG Chapter 5, Part A. The guideline

imprisonment range for a total offense level 28 and criminal history category I is 78 months to 97 months.

**FACTORS TO BE CONSIDERED IMPOSING A SENTENCE UNDER 18 U.S.C. §3553**

The decision to grant a downward variance rest firmly within the discretion of the sentencing judge and is not reviewable by an appellate court, except in circumstances where a court refuses to depart downward under the belief that they lacked the authority to do so. United States v. Gaskill, 991 F. 2d 82 (3rd Cir. 1993); see also United States v. Higgins, 967 F. 2d 841 (3rd Cir. 1992). 18 U.S.C. §3553(b) provides that "a sentencing court may depart from the ranges established by the sentencing guideline when a judge finds 'an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines.'" United States v. Gaskill, 991 F. 2d 82 (3rd Cir. 1993). The Third Circuit Court of Appeals has also held that "the only relief from the guideline formulaic rigidity is the ability of the sentencing court to take into account the circumstances particular to the case before it." Id.

Once the Court has established the appropriate sentencing guideline range, it is to apply the factors found at 18 U.S.C. §3553 to determine the appropriate sentence for each individual offender. As provided in 18 U.S.C. §3553, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Court shall consider several factors in determining the sentence, including those below.

**18 U.S.C. §3553(a)(1): THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

The Defendant, Mr. Feurtado is a 56-year-old African American male. Mr. Feurtado was born in Colom Panama to Roberto Feurtado and Carmen Wilkins. Mr. Feurtado's father passed away in 2019 at the age of 91. Mr. Feurtado's mother is 78 years old and lives in Colom,

Panama. Mr. Feurtado was raised by his mother in a lower middle-class area of Colom, Panama. After graduating from high school, he briefly attended college, but left to take a job with Panama's Department of Defense. Mr. Feurtado obtained his Visa and moved to the United States in 1999. He subsequently moved to Reno, NV, and then moved to Las Vegas, NV, where he lived and worked since that time.

Mr. Feurtado married Angela Mavrivez in Panama in 1996. However, their marriage ended in divorce in 2010. Their marriage did not produce any children. Mr. Feurtado has two children, Roderick Feurtado, Jr. and Alexandria Feurtado, from a previous relationship with Luz Chacom. Mr. Feurtado has one granddaughter, Karmen Feurtado, who is 8 years old and lives with his son and wife.

Mr. Feurtado married Betzaida DeJesus on June 13, 2020, in Las Vegas, NV. Their marriage has not produced any children, but Mr. Feurtado has helped raise her two children from a previous relationship.

## 18 U.S.C. §3553(a)(2)(A): THE NEED FOR THE SENTENCE TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

Mr. Feurtado concedes that the offense in this instant matter is serious. All federal crimes are serious. Mr. Feurtado's guideline sentence is for 78 months to 97 months of incarceration. A sentence at the lower end of the sentencing guidelines is sufficient, but not greater than necessary to reflect the seriousness of the offense as this was a financial crime that did not involve any weapons, drugs, or violence.

## 18 U.S.C. §3553(a)(2)(B): TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT

The Defense argues that a sentence of 78 months of incarceration is sufficient to deter future criminal activity for both Mr. Feurtado and the public. The Defense argues that this

Honorable Court should sentence Mr. Feurtado to 78 months of incarceration and send a clear message that his conduct will be met with stiff punishment.

## 18 U.S.C. §3553(a)(2)(C): TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

The public has been protected from Mr. Feurtado while he has been incarcerated since November 11, 2021, awaiting disposition of this case. As a result of his conviction, he will be sentenced to a mandatory prison sentence. Thanks to the efforts of law enforcement, his criminal activity has been put to a stop.

## 18 U.S.C. §3553(a)(2)(D): TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER

Mr. Feurtado is a 6-foot, 4-inch tall, 270-pound male with brown eyes and black hair. In 2011, Mr. Feurtado was diagnosed with hypertension and has been taking medication for it. In 2019, Mr. Feurtado was diagnosed with Type II diabetes and is taking medication for it.

Mr. Feurtado graduated high school in 1985. He attended the University of Panama in 1986 for one year but did not complete the marketing degree program. Mr. Feurtado has obtained numerous certificates for completing Bible study courses from the American Bible Academy and the Prison Alliance while in pretrial custody.

Mr. Feurtado received a letter from the warden of the Indiana County Jail for his role and assistance in preventing a suicide on June 2, 2023. During the incident, Mr. Feurtado alerted an officer of an inmate who was standing on a mezzanine railing and was instrumental in convincing the inmate to come down from the railing.

Since his incarceration, Mr. Feurtado has written and published several books concerning the teachings of Jesus Christ. He continues to write about these teachings and intends to continue to publish them. He utilizes his time while incarcerated studying the bible, teaching others about the word of God and publishing works about the same.

This conviction has stripped Mr. Feurtado of his sterling reputation and has humbled him greatly. This four day incident has stripped him of decades of good deeds and he acknowledges the tremendous impact, for some a life time, that this incident has had upon the victims.

## 18 U.S.C. §3553(a)(3): THE KINDS OF SENTENCES AVAILABLE

The maximum term of imprisonment is 20 years. 18 U.S.C. § 1349. The Court may impose a term of supervised release of not more than 3 years. 18 U.S.C. §3583(b)(2). Since the applicable guideline range is in Zone D of the Sentencing Table, Mr. Feurtado is ineligible for probation. USSG §5B1.1, comment.(n.2). The maximum fine is $250,000. 18 U.S.C. §3571(b).

## 18 U.S.C. §3553(a)(5): ANY PERTINENT POLICY STATEMENT

The Defense is unaware of any pertinent policy statements in this case.

## 18 U.S.C. §3553(a)(6): THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT

The Defense is unaware of any unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct in this case.

## 18 U.S.C. §3553(a)(7): THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE

Pursuant to 18 U.S.C. § 3663 A, restitution in the amount of $257,520 shall be ordered in this case.

## CONCLUSION

WHEREFORE, Mr. Feurtado prays this Honorable Court review his argument and sentence him to 78 months of incarceration.

Respectfully Submitted,

Date:  January 5, 2024

/s/ Brian D. Aston

Brian D. Aston, Esquire
PA ID 73267
320 South Maple Avenue
Greensburg, PA  15601
724-205-6614
Email: bda@bastonlaw.com