**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA )
)
v. ) Case No. 2:21-cr-476-3
)
RODERICK FEURTADO, )
)
Defendant. )

## <u>TENTATIVE FINDINGS & RULINGS</u>

The Court has reviewed the relevant record in Defendant Roderick Feurtado's case, including the final Presentence Investigation Report ("PSR"), the addendum to the PSR, the Probation Office's recommendation of an appropriate sentence,[1] any sentencing memoranda, and any positions with respect to sentencing factors. The Court has also reviewed the Sentencing Guidelines themselves.

After careful consideration, the Court issues the following tentative findings and rulings:

## I. Applicable enhancements and departures.

No party has moved for a departure, and the Court does not intend to depart from the Guidelines range (though it reserves its right to vary). There are no applicable statutory mandatory minimum sentences. The maximum sentence is a term of imprisonment of up to 20 years, a fine of up to $250,000, up to 3 years of supervised release, and a special assessment under 18 U.S.C. § 3013 of $100.

## II. Tentative factual findings and conclusions.

Mr. Feurtado objects to the calculation of his offense level in the PSR. He argues that a vulnerable-victim adjustment pursuant to U.S.S.G. § 3A1.1(b)(1) is not

---

[1] Under Fed. R. Crim. P. 32(e)(3) and LCrR 32(G), the Court finds that the Probation Office's sentence recommendations should not be disclosed to Mr. Feurtado, his counsel, or the government. That said, in determining Mr. Feurtado's sentence, the Court will not consider any factual or legal matter that has not been disclosed to both parties and counsel.

appropriate based on the evidence presented at trial because he did not personally interact with the elderly victims.

The Court overrules Mr. Feurtado's objections. Under U.S.S.G. § 3A1.1(b)(1), the Court applies the vulnerable-victim adjustment if the defendant "knew of should have known that the victim was vulnerable." Application Note 2, in turn, provides this guidance:

> For purposes of subsection (b), 'vulnerable victim' means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.
>
> Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability. The adjustment would apply, for example, in a fraud case in which the defendant marketed an ineffective cancer cure or in a robbery in which the defendant selected a handicapped victim. But it would not apply in a case in which the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile. Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank.

U.S.S.G. § 3A1.1(b)(1), cmt. n. 2.

The vulnerable-victim adjustment applies if: "(1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was a nexus between the victim's vulnerability and the crime's ultimate success." *United States v. Adeolu*, 836 F.3d 330, 333 (3d Cir. 2016) (cleaned up). Elderly victims can be particularly vulnerable and susceptible to fraud due to their age. *United States v.*

*Seligsohn*, 981 F.2d 1418, 1426 (3d Cir. 1992) (upholding vulnerable-victim enhancement because "the defendant's consumer fraud scheme depended in many instances on the inability of elderly homeowners to verify the need to repair or replace roofs" and trial evidence showed that the defendants preyed on those vulnerable individuals), *superseded by statute for other reasons as stated in United States v. Corrado*, 53 F.3d 620, 624 (3d Cir. 1995). Although not all elderly victims are more susceptible to fraud, the adjustment is proper when a defendant preys on an elderly person's vulnerabilities. *United States v. Rehfuss*, 810 F. App'x. 92, 95 (3d Cir. 2020) (upholding vulnerable-victim enhancement because the defendant's scheme preyed on vulnerabilities linked to his victims' age, health, and income). Elderly victims satisfy the requirements of the vulnerable-victim adjustment, "especially when their financial investments and financial security are at issue." *United States v. Sims*, 329 F.3d 937, 944 (7th Cir. 2003). Victims can be "particularly vulnerable if they are financially insecure and susceptible to the particular kind of criminal conduct at issue." *United States v. Hawkins*, 409 F. App'x 507, 511 (3d Cir. 2010).

Here, the Court finds based on the credible trial testimony that Mr. Feurtado knew or should have known that the victims at issue were vulnerable on the basis of their elderly age and vulnerability to financial fraud. Specifically, the victims here were vulnerable because they were grandparents and the conspirators preyed on this knowledge by posing as the victims' grandchildren. Indeed, the trial evidence reflects that the object of the entire conspiracy was a "grandparent scam" that singularly targeted elderly people who had young-adult grandchildren. Indictment, ECF 1, ¶ 6 ("It was further part of the conspiracy that members of the conspiracy telephoned elderly victims located in the Western District of Pennsylvania [and] while posing as a bail bondsman, lawyer, or other individual, falsely told the victim that a relative, typically the victim's grandchild, had been incarcerated and needed money for bail and legal fees); ECF 176 50:9-11 (explaining that in a grandparent scam, an elderly

victim will get a phone call from someone saying they need help with bail money). The trial evidence reflects that the objective of the conspiracy was to defraud grandparents based on their vulnerability as grandparents willing to assist their grandchildren.

The jury's verdict in this case reflects that the government proved beyond a reasonable doubt that Mr. Feurtado knew of the objective of this conspiracy, which, included as a key component, defrauding elderly people. Moreover, despite Mr. Feurtado's arguments to the contrary, the trial evidence established that he knew or should have known that the victims were elderly. This was reflected, in among other places, the Signal messages, which included references to the victims as "old people." *See, e.g.*, Exhibit G-49. Indeed, during Mr. Feurtado's direct testimony at trial, he admitted to having knowledge that the victims were elderly people. Later, Mr. Feurtado explained that, in his mind, an "elderly" person is in their 30s, 40s, and 50s. ECF 177, at p. 117. The Court, having viewed this testimony firsthand, doesn't find this explanation to be credible. Mr. Feurtado also directly testified that he knew the couriers were going to elderly victim's houses. ECF 177, 141:19-21 (Q. You actually do know that, that you're going to older people's houses; right? That's what he just said. A. That is correct.). For these reasons, the Court finds that the adjustment is properly applied here.

Having resolved Mr. Feurtado's objections, the Court will tentatively accept and adopt the findings and conclusions of the Probation Office's PSR (and addendum), including the calculation of the advisory Sentencing Guidelines. The Court calculates the Guidelines range as follows.[2]

---

[2] The Supreme Court has declared the Guidelines to be advisory, and it is therefore no longer mandatory for the Court to follow them, though the Court must still follow any statutory mandatory minimum.

The Court finds that Mr. Feurtado's base offense level is 7. Following a 12-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(G), a 2-level increase pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), a 2-level increase pursuant to U.S.S.G. § 2B1.1(b)(10)(B), a 2-level increase pursuant to U.S.S.G. § 3A1.1(b)(1), and a 3-level increase pursuant to U.S.S.G. § 3A1.1(b)(1), the total offense level is 28. Mr. Feurtado's criminal history score is 0, which establishes a criminal history category of I. As set forth in the sentencing table in Chapter 5 of the Sentencing Guidelines, a total offense level of 28 and a criminal history category of I result in a Guidelines range of 78 to 97 months of imprisonment. Additionally, the Guidelines provide that the term of supervised release is 1 to 3 years, and that the fine range for this offense is $25,000-$250,000. A special assessment of $100 is mandatory under 18 U.S.C. § 3013.

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Mr. Feurtado is ineligible for probation.

### III. Nature of sentence.

The Court will take the parties' arguments regarding the appropriate sentence, including any requests for a variance, under advisement and will issue its final rulings at the sentencing hearing.

### IV. Forfeiture

The Court tentatively incorporates its Order of Forfeiture. ECF 167.

### V. Restitution/Fine

The Court also tentatively finds that restitution is required pursuant to 18 U.S.C. § 3663A, and tentatively orders that Mr. Feurtado shall pay restitution in the total amount of $257,520 to the following victims: T.D. - $15,000; J.A. - $9,325; M.I. - $18,100; F.M. - $15,000; J.H. - $12,000; H.R. - $15,100; W.Q. - $30,000; C. F. - $18,000; R.B. - $19,000; M.C. - $26,995; R.H. - $10,000; A.B. - $19,000; F.D. - $17,000; J.G. - $18,000; Mr. P. - $10,000; and R.M. - $5,000. The parties should be prepared to

address this issue at the sentencing hearing, and if there are any disputes, the government should be prepared to make a record as to restitution.

The Court tentatively intends to impose a fine, and the parties should be prepared to discuss the fine amount at sentencing.

## VI.    Supervised-release conditions.

The Court tentatively concludes that part of any sentencing in this case will include a term of supervised release. It is the Court's practice to include as part of its tentative findings its tentative conditions of supervised release. The reason for this advance notice is for all counsel to be in a better position to address this issue at the sentencing hearing. *See United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015) ("Because conditions of supervised release do not take effect until the defendant completes his prison term and is released, defendants given long prison sentences— and long prison sentences are common in federal sentencing—often have little interest in contesting conditions of supervised release at sentencing. Criminals who court long prison sentences tend to have what economists call a high discount rate. That is, they give little weight to future costs and benefits. Defendants or their lawyers may also worry that a successful challenge to a condition or conditions of supervised release may induce the judge to impose a longer prison sentence, thinking that resistance to supervised release implies recidivist tendencies or intentions. And often a defendant is given no notice in advance of the sentencing hearing of the conditions of supervised release that the judge is thinking of imposing, which can make it difficult for his lawyer to prepare arguments in opposition.").

Considering the case materials, Sentencing Guidelines, text of 18 U.S.C. § 3583, and factors under 18 U.S.C. § 3553(a), the Court tentatively intends to impose the attached conditions of supervised release.

The mandatory conditions are being imposed because they are mandatory.

Standard conditions 1-6, 9, 11, and 13 are being imposed so that the probation

officer can effectively monitor compliance with the conditions of supervision. Standard condition 7 is being imposed to promote rehabilitation. Standard conditions 8, 10, and 12 are being imposed to ensure compliance with the law, protect the public from danger, and protect the probation officer.[3]

Additional conditions 1-3 are being imposed to promote to ensure payment of any fine and restitution amounts. Additional condition 4 is imposed to promote rehabilitation.

Counsel should raise objections to these conditions, if any, at the sentencing hearing.

**VII. Voluntary surrender.**

Mr. Feurtado is currently in custody, and so the Court tentatively finds that he is not a candidate for voluntary surrender.

DATED this 17th day of January, 2024.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] The Court has struck several of the standard conditions for being vague, redundant, or inapplicable.